UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE COTTER and JOHN
FINNERAN,

     Plaintiffs,

v.                              CASE NO.: 8:09-cv-2217-T-23TBM

MAHOGANY IMPACT WINDOWS
& DOORS, INC., et al.,

     Defendants.

_____/

## ORDER

A February 9, 2010, order (Doc. 13) (1) warns the pro se defendant James

Abravaya that a pro se party must conform to procedural rules including the Federal

Rules of Civil Procedure and the Local Rules for the Middle District of Florida; (2) cites

Local Rule 3.01, which prohibits a request for relief in the form of a letter; and (3) directs

the Clerk to return Abravaya's correspondence.  On March 8, 2010, Abravaya answered

(Doc. 14).  A July 12, 2010, order (Doc. 33) directs the plaintiffs to show cause why this

action should not be dismissed for failure to timely file a case management report.  After

obtaining an extension of time, the plaintiffs moved (Doc. 39) on August 24, 2010, for

leave to unilaterally file a case management report, because (despite repeated

attempts) the plaintiffs failed to secure either a response from or the cooperation of

Abravaya.  An August 31, 2010, order (Doc. 40) denies the motion and directs Abravaya

to discuss and sign (together with the plaintiffs) a proposed case management schedule

within ten days of the order.  The order warns that failure to comply with the order will

result in the Clerk's striking Abravaya's pleading and defaulting Abravaya.  Abravaya

filed a paper (Doc. 41) on September 3, 2010, which states that Abravaya and his family

"have been out of our home all summer until Monday first day of school . . .

[u]nfortunately we have not received any of the documents sent by the plaintiff."

Abravaya failed to timely comply with the order and sign a case management report.

Therefore, a September 9, 2010, order (Doc. 42) strikes Abravaya's answer and directs

the Clerk to default Abravaya.  A September 22, 2010, order (Doc. 45) grants the

plaintiffs' motion for a default judgment and directs the Clerk to enter an amended

judgment against the defendants.  Abravaya moves (Doc. 47) to vacate the judgment.

In moving to vacate the judgment, Abravaya states (1) that he learned of the

August 31, 2010, order to show cause on September 11, 2010, after which he contacted

the plaintiffs' counsel "immediately" and (2) that Abravaya "was acting as an employee

representative for [the corporate defendants]" and therefore possesses no liability for

the plaintiffs' claims.  The plaintiffs respond (Docs. 48, 49, 50) in opposition and state

(1) that Abravaya's motion contains false statements as to his employment status; the

date he received the August 31, 2010, order; and both his home address and his

contact information and (2) that Abravaya fails to satisfy the standard under Rule 55(c),

Federal Rules of Civil Procedure, for vacating a default judgment by failing to show

good cause, excusable neglect, and a meritorious defense.

Rule 55(c), Federal Rules of Civil Procedure, states that "[t]he court . . . may set

aside a default judgment under Rule 60(b)."  Rule 60(b) permits relief from a final

judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect.  "To

establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that[] '(1) it had a meritorious defense that might have affected the outcome[,] (2) granting the motion would not result in prejudice to the non-defaulting party[,] and (3) a good reason existed for failing to reply to the complaint.'" In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (quoting Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)).

Both the papers (Docs. 13-1, 14, 41) filed by Abravaya and Abravaya's conduct in this action, as well as the plaintiffs' response (Doc. 48), request for judicial notice (Doc. 49), and affidavit (Doc. 50) belie the statements in Abravaya's motion.  In the motion (Doc. 47), Abravaya states (1) that the August 31, 2010, order (Doc. 40) "was sent to my wife's home via [F]ederal Express"; (2) that Abravaya's wife "has been out of town because of a family illness from the first of September until the 11th of September at which point she communicated to me the Fed Ex communication"; (3) that Abravaya "immediately called [the plaintiffs' counsel] to discuss this order"; (4) that, upon speaking to the plaintiffs' counsel, Abravaya gave counsel "the correct way of communicating with me"; (5) that Abravaya "is currently unemployed . . . and was not in [his] wife's home when this federal express letter arrived"; and (6) that Abravaya was "acting as an employee representative for Mahogany [I]mpact when the purchase was done . . . and . . . the only way I can loose [sic] this case personally is on a technicality."   However, Abravaya's contact information for service of process and other papers remains unchanged since the inception of this action.  The plaintiffs served (Doc. 10) Abravaya at 6765 NW 169 Street, #1D, Miami, Florida, 33015.  Abravaya without objection

promptly and timely responded (Doc. 13-1) to the complaint, albeit not in accord with either the Local Rules or the Federal Rules of Civil Procedure.  The Clerk continued to promptly mail each order and each motion in this action to Abravaya.  Abravaya received the plaintiffs' motion (Doc. 39) for leave to file a unilateral case management report and promptly filed a response (Doc. 41) on August 31, 2010.  In Abravaya's response, he acknowledges that he and his wife "have been out of our home all summer until Monday first day of school."  Subsequently, the Clerk mailed the August 31, 2010, order to show cause (Doc. 40) to the same address (to which Abravaya had recently returned).  Thus, Abravaya's assertion that he failed to receive the order (Doc. 40) (delivered by Federal Express) until eleven days later—because his address is, in fact, his "wife's home" and that her absence caused him not to receive the order—appears both misleading and disingenuous.

Furthermore, Abravaya states that he is unemployed, but both the plaintiffs' request for judicial notice (Doc. 49) and the affidavit of Charles Johnston (Doc. 48-1) provide convincing proof that Abravaya in fact continues to operate a business selling mahogany doors and windows (the same business that is the subject of this action).  Abravaya states that he "immediately" contacted the plaintiffs' counsel, but counsel possesses no record of Abravaya's contacting counsel until September 15, 2010.  Finally, even if each of Abravaya's assertions is true and Abravaya in fact acted as diligently as possible, Abravaya articulates no meritorious defense.  Abravaya's assertion that he acted merely as an agent of the corporate defendants fails to state a meritorious defense, because an agent or a representative of a corporation is

- 4 -

susceptible to individual liability for a fraud committed by the corporation.  See Roth v. Nautical Eng'g Corp., 654 So. 2d 978, 979-80 (Fla. 4th DCA 1995); Orlovsky v. Solid Surf, Inc., 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

Accordingly, Abravaya's motion (Doc. 47) is **DENIED**, because Abravaya establishes neither mistake, inadvertence, nor excusable neglect.

ORDERED in Tampa, Florida, on October 25, 2010.

_____

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**